UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| MICHAEL ROLLING, | ) | |
| | ) | Case No. 1:05-CV-02048 |
| Petitioner, | ) | Criminal Case 1:04-CR-00022 |
| | ) | |
| v. | ) | Judge Ann Aldrich |
| | ) | |
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Respondent. | ) | MEMORANDUM AND ORDER |
| | ) | |
| | ) | |

Before the court is *pro se* petitioner Michael Rolling's ("Rolling") motion for relief under 28 U.S.C. § 2255 [Docket No. 1]. Respondent United States of America (the "Government") has filed a response on the merits of Rolling's petition [Docket No. 6]. For the following reasons, the court denies Rolling's motion for relief and certifies pursuant to 28 U.S.C. § 2253(c) that an appeal from this order would not be well-taken.

Rolling was indicted in January 2004 by a federal grand jury on one count for violation of 18 U.S.C. § 922(g)(1) for being a felon in possession of a firearm. Rolling pleaded guilty to that count in April 2004, without a plea agreement. In September 2004, this court sentenced Rolling to a term of 70 months imprisonment and three years supervised release. Rolling did not appeal his conviction or his sentence. Rolling then filed the instant petition on August 23, 2005, arguing that his appointed counsel was ineffective for failing to object to inaccuracies in the presentence report. Rolling claims that he was not on parole at the time he committed the instant offense, and should not have received the additional two points to his criminal history under United States Sentencing Guideline §4A1.1(d).

Title 28, Section 2255 of the United States Code allows a federal prisoner to seek relief if "[(1)] the sentence was imposed in violation of the Constitution or laws of the United States, [(2)] . . . the court was without jurisdiction to impose such sentence, [(3)] . . . the sentence was in excess of the maximum authorized by law, or [(4)] is otherwise subject to collateral attack."  28 U.S.C. § 2255.  Errors which are not constitutional or jurisdictional in nature are considered waived for the purposes of relief under 28 U.S.C. § 2255, if they were not raised before the trial court or on direct appeal.  *Grant v. United States*, 72 F.3d 503, 506 (6th Cir. 1996).

In order to succeed on his claims, Rolling must show that his counsel's performance was somehow deficient, and that such deficiency prejudiced Rolling in some fashion.  *Strickland v. Washington*, 466 U.S. 668, 687 (1984).  Here, because the court properly calculated Rolling's criminal history, there is no prejudice.  After reviewing the exhibits provided by both Rolling and the Government, the court finds that even if Rolling was not on parole at the time of commission of the federal crime for his concealed weapons conviction in state court, he was on parole for his state conviction for felonious assault.  Rolling protests that any such parole for his state assault conviction was imposed "illegally", as it was not part of his plea bargain.  However, the record demonstrates that Rolling was indeed on parole, and the journal entry for his assault conviction does not give the court any reason to doubt that fact.  In other words, Rolling is incorrect in asserting that he was not on parole when he committed the federal crime for which he was indicted; therefore, his counsel was not deficient in failing to object to the two-point addition to Rolling's criminal history pursuant to USSG § 4A1.1(d).  Rolling's claims of ineffective assistance of counsel therefore fail.

As the court has rejected Rolling's claims for relief, his petition for habeas corpus pursuant to 28 U.S.C. § 2255 [Docket No. 1] is denied.  The court certifies, pursuant to 28 U.S.C. § 2253(c),

that an appeal from this order would not be well taken because Rolling has not made a substantial showing of the denial of any constitutional right.

    IT IS SO ORDERED.

                                      /s/Ann Aldrich
                                      ANN ALDRICH
                                      UNITED STATES DISTRICT JUDGE

**Dated:**        March 9, 2007